**Electronically Filed
Supreme Court
SCPW-19-0000448
02-JUL-2019
02:55 PM**

SCPW-19-0000448

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

CHRISTOPHER YOUNG, Petitioner,

vs.

THE HONORABLE HENRY T. NAKAMOTO, Judge of the Circuit Court of the Third Circuit, State of Hawaiʻi, Respondent Judge,

and

POMAIKAI HOLDINGS, INC., dba RE/MAX PROPERTIES; et al., Respondents.

---

ORIGINAL PROCEEDING
(CIV. NOS. 17-1-0412 and 19-1-0047)

ORDER DENYING "NOTICE OF APPEAL TO THE STATE OF HAWAII SUPREME COURT FROM ORDERS 5/8/2019 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT PURSUANT TO HRAP RULES 3(a)(1)(5), 21(a)(i)(ii)(iii), 24(b), & HRCP Rule 60(b)(3)"
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of petitioner Christopher Young's "Notice of Appeal to the State of Hawaii Supreme Court from Orders 5/8/2019 in the Circuit Court of the Third Circuit Pursuant to HRAP Rules 3(a)(1)(5), 21(a)(i)(ii)(iii), 24(b), & HRCP Rule 60(b)(3)", which was filed in the third circuit court on June 13, 2019 and in this court on June 20, 2019, the documents attached thereto and submitted in support thereof, and the record, it appears that petitioner is seeking writs of

mandamus and prohibition.  Petitioner, however, fails to demonstrate that he entitled to the requested extraordinary relief.  See Kema v. Gaddis, 91 Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; a writ of mandamus is not intended to supersede the legal discretionary authority of the lower courts or serve as a legal remedy in lieu of normal appellate procedures); Honolulu Adv., Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of mandamus, therefore, is meant to restrain a judge of an inferior court from acting beyond or in excess of his or her jurisdiction); Gannett Pac. Corp. v. Richardson, 59 Haw. 224, 226, 580 P.2d 49, 53 (1978) (a writ of prohibition is an extraordinary remedy to restrain a judge of an inferior court from acting beyond or in excess of his or her jurisdiction). Accordingly,

IT IS HEREBY ORDERED that the petition for writs of mandamus and prohibition is denied.

IT IS HEREBY FURTHER ORDERED that the appellate clerks' office shall process the petition for writs of mandamus and prohibition without payment of the filing fee.

DATED: Honolulu, Hawai'i, July 2, 2019.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



2